United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW KINA,

    Plaintiff,

    v.

UNITED AIR LINES, INC. and the BETTY FORD CENTER,

    Defendants.

_____/

No. C 08-4358 PJH

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(3) OR, IN THE ALTERNATIVE, TO TRANSFER; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6); AND VACATING HEARING**

Plaintiff Matthew Kina ("Kina") brought this action against defendants United Air Lines, Inc. ("United") and the Betty Ford Center ("BFC") alleging claims for violations of: the Americans with Disabilities Act of 1990, 42 U.S.C. § 1201 *et seq.* ("ADA"); the Fair Employment and Housing Act, Cal. Gov't.Code § 12900 *et seq.* ("FEHA"); Art. I, § 1 of the California Constitution; the Confidential Medial Information Act, Cal. Civ.Code § 56 *et seq.* ("CMIA"); California Business and Professions Code § 17200 *et seq.* ("UCL"); and California's public policies. Before the court are two motions filed by BFC: (1) a motion to dismiss or transfer pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), claiming the United States District Court for the Northern District of California ("Northern District") is an improper venue for this action or, in the alternative, to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California ("Central District"); and (2) a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Kina opposes both motions. United filed a statement of non-opposition to BFC's motion to dismiss or transfer for improper venue. As the court finds that a hearing is unnecessary, the December 3, 2008

date for hearing is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES BFC's motion to dismiss or transfer pursuant to Rule 12(b)(3) and § 1406(a) for improper venue or, in the alternative, to transfer pursuant to § 1404(a), and GRANTS in part and DENIES in part BFC's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), for the reasons stated below.

**BACKGROUND**

Kina is a former employee of United and currently resides in San Mateo County. First Amended Complaint ("FAC") ¶¶ 7, 13. He was employed by United from 1986 to 2006, performing the job of storekeeper for fourteen years. FAC ¶ 13. Defendant United is an Illinois corporation, FAC ¶ 9, and an airline with business operations in both southern and northern California. Defendant BFC is a non-profit health care provider headquartered at the Eisenhower Medical Center in Rancho Mirage, California. FAC ¶ 10.

On August 30, 2006, following an Extended Illness Status ("EIS") medical leave for depression, Kina's treating physician certified him as fit to return to work due to his response to an adjusted medication regime. FAC ¶ 14. Before he could return to work, however, United directed Kina to undergo a fitness-for-duty evaluation at BFC on November 13 and 14, 2006. FAC ¶¶ 15-16. This evaluation included intensive psychological testing, blood and urine testing, phone interviews with family members, and myriad other assessments conducted by at least four different examiners, reviewing the intimate aspects of Kina's personal, familial and sexual life, as well as details of his psychiatric and non-psychiatric medical history. FAC ¶¶ 17-21. The evaluation generated ninety-two pages of reporting, and was described by one examiner "as a 'broad-based comprehensive assessment of [Kina's] physical, psychological, biological, and spiritual behavior.' " FAC ¶ 22. BFC subsequently sent these records to United without Kina's authorization or consent. FAC ¶ 23. According to Kina, these records contained confidential information that had no possible relationship to his ability to perform the

essential functions of his job at United, or any other vacant position for which he was qualified.  FAC ¶ 23.

On March 5, 2007, Kina was terminated by United, purportedly based upon BFC's assessment of Kina's condition as set forth in the records BFC sent to United.  FAC ¶ 25.  On September 17, 2008, Kina filed the instant action alleging fifteen claims.  Dkt. # 1.  Specifically, the complaint alleges five claims against BFC, as follows: (1) violation of the ADA; (2) aiding and abetting and unfair employment practice, in violation of FEHA, Cal. Gov't.Code § 12940(i), and California public policy; (3) violation of right to privacy under California Constitution, Art. 1 § 1; (4) violation of the CMIA; and (5) violation of the UCL.  On October 14, 2008, BFC filed a motion to dismiss or transfer pursuant to Rule 12(b)(3) and § 1406(a) for improper venue, or in the alternative, to transfer pursuant to § 1404(a), and a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  Dkt. ## 11-12.  Kina filed a first amended complaint, correcting clerical errors in the caption, on October 17, 2008.  Dkt. # 15.

## DISCUSSION

A.  BFC's Motion to Dismiss Or, In the Alternative, to Transfer for Improper Venue Pursuant to Rule 12(b)(3) and § 1406(a)

1. Standard to Dismiss or Transfer

Under Federal Rule of Civil Procedure 12(b)(3), a party may challenge a complaint for improper venue by way of motion.  When venue in a particular judicial district is improper, the court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  An appropriate court for the purposes of transfer is one "in which the action might have been brought by the plaintiff," meaning "one that would have subject matter and personal jurisdiction over the defendant, and where venue is proper."  Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960) (internal quotations marks and citation omitted).

Where jurisdiction is not founded solely on diversity of citizenship, as here, 28 U.S.C. § 1391(b) states that venue is only proper in: (1) a judicial district where any

defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  Section 1391(b) does not require that a majority of the events have occurred in the district where suit is filed, nor does it require that the events in that district predominate. Rodriguez v. California Highway Patrol, 89 F.Supp.2d 1131, 1136 (N.D. Cal. 2000).  All that plaintiff needs to show is that a substantial part of the events giving rise to his claim occurred in the Northern District of California.  See id.

For purposes of venue, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).  In a State which has more than one judicial district, the corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. 28 U.S.C. § 1391(c).  Once the defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper.  Koresko v. RealNetworks, Inc., 291 F.Supp.2d 1157, 1160 (E.D. Cal. 2003); Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979).

2.      BFC Did Not Waive Its Improper Venue Defense

As an initial matter, because BFC filed two Rule 12 motions, the court must consider whether BFC has waived its improper venue defense.  In this regard, Kina argues that BFC waived its improper venue defense by filing two Rule 12 motions rather than consolidating its Rule 12 defenses in a single motion in its first written response to the complaint, i.e., improper venue and failure to state a claim defenses.

Under Federal Rule of Civil Procedure 12, a defendant must raise certain defenses in its initial response to the complaint or risk waiver of those defenses.  See Fed.R.Civ.P. 12(b)(3), 12(g), 12(h).  Rule 12(h) provides that a defense of improper venue is waived if is

4

omitted from a motion in the circumstances described in 12(g).  Rule 12 (g) provides that "[a] motion under this rule may be joined with any other motion allowed by this rule."  Rule 12(g) further provides that if a party makes a motion under this rule, but omits from the motion any defense that the rule permits to be made by motion (i.e., improper venue), the defense may not be raised in a subsequent motion.  See Misch on Behalf of Estate of Misch v. Zee Enterprises, Inc., 879 F.2d 628, 631 (9th Cir. 1989) ("Although a party may assert the defense of improper venue either as part of his responsive pleading or by separate motion, . . . he waives the defense if not timely and properly raised" ).  The purpose of Rule 12(g) is the consolidation of defenses in a single motion and the avoidance of successive, delaying motions.  See FRA S.p.A. v. Surg-O-Flex of America, Inc., 415 F.Supp. 421, 427-28 (S.D.N.Y. 1976).

While the purpose of these rules is to prevent piecemeal litigation and avoid successive, delaying motions by precluding a defendant from filing subsequent motions under Rule 12 on defenses that may be waived if not raised in a defendant's initial response to the complaint, it is not clear from the language of the statute that a defendant is required to raise all of its Rule 12 defenses in a single consolidated motion rather than filing concurrent motions raising each defense in a separate motion.  Kina does not cite, and this court could not find, controlling authority supporting the proposition that a defendant waives a defense under Rule 12 where, as here, the defendant concurrently files Rule 12(b)(6) and Rule 12(b)(3) motions rather than filing a single consolidated motion as its initial response to the complaint.  Accordingly, because there is no definitive Ninth Circuit authority supporting waiver of BFC's improper venue defense under the circumstances, and because BFC's filing of concurrent motions under Rule 12 does not contravene the purpose of Rule 12(g), i.e., to prevent piecemeal litigation and avoid successive, delaying motions, the court finds that BFC has not waived its improper venue defense.  Finally, as pointed out by Kina, the court notes that BFC's two motions (totaling twenty-eight pages) exceeded the twenty-five page limitation that would have applied under

Local Rule 7-2(b) if BFC had filed a single consolidated motion. The court notes, however, that if Kina was concerned about page limitations and whether he could address all the issues that might warrant dismissal in one motion, he could have filed a motion for leave to file excess pages.

### 3. Venue Is Proper In the Northern District

BFC moves to dismiss or transfer this action on the ground that the Northern District is an improper venue for this action because the allegations in the complaint establish that the events relevant to Kina's claims occurred in the Central District; namely, the inappropriate medical inquiries and examinations, the unauthorized disclosure and use of confidential medical information, and the intrusions into Kina's privacy. In short, BFC maintains that venue in the Northern District is improper because there is no nexus between the alleged wrongdoing of BFC and the Northern District. Kina counters by arguing that venue in the Northern District is proper because a substantial part of the events giving rise to his claims occurred in the Northern District. For instance, Kina asserts that: (1) he was employed by United and sought to return to work for United following his medical leave in the Northern District; (2) United sent him to BFC from the Northern District; (3) the damaging, private records were sent to United in the Northern District; and (4) the harm, including the exposure of his private records to United and his subsequent termination, occurred in the Northern District. In addition, Kina argues that venue is proper in the Northern District because United resides in this district insofar as it has a substantial business presence in this district.

The court finds that venue is proper in the Northern District. It is undisputed that Kina, a resident of San Mateo County, was employed and terminated by United in the Northern District. It is also undisputed that United sent Kina to BFC from the Northern District and that the ninety-two pages of reporting generated by BFC was sent to United in this district. Kina has thus alleged that a substantial part of the events giving rise to this action occurred in the Northern District. Moreover, it appears that venue is also proper in

6

the Northern District because it is undisputed that BFC resides in this state and that United has a substantial business presence in this district.  Accordingly, BFC's motion to dismiss or transfer for improper venue is DENIED.

B.     BFC's Motion for Discretionary Transfer Pursuant to § 1404(a)

   1.     Standard to Transfer

Motions to transfer venue are governed by 28 U.S.C. § 1404(a).  Pursuant to § 1404(a), a district court may transfer any civil action for the convenience of the parties, witnesses, or in the interests of justice where it might have been brought.  See 28 U.S.C. § 1404(a).  The purpose of § 1404(a) "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' "  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)).  To support a motion for transfer, the moving party must establish: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice."  Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F.Supp. 503, 506 (C.D. Cal. 1992).  In determining the convenience of the parties and witnesses and the interests of justice, courts in this district have considered the following factors: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.  Williams v. Bowman, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001).

The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).   It is not enough for defendant merely to show that he prefers another forum and nor will transfer be allowed if the result is

merely to shift the inconvenience from one party to another. Van Dusen, 376 U.S. at 645-46. Transferring an action pursuant to Section 1404(a) is at the broad discretion of the court. See Commodity Futures Trading, 611 F.2d at 279; Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

2.   Discretionary Transfer Is Not Warranted

BFC requests in the alternative that this action be transferred to the Central District pursuant to § 1404(a). BFC offers four reasons for transferring this action to the Central District: (1) both defendants reside in the Central District; (2) a substantial part of the events giving rise to Kina's claims occurred in the Central District; (3) the material witnesses are located in the Central District; and (4) all the records produced by BFC pertaining to Kina's condition are located in the Central District. The court will examine each of the relevant factors justifying a discretionary transfer in turn below.

a.   Plaintiff's Forum

Kina has chosen the Northern District of California as his preferred forum. Courts afford considerable weight to a plaintiff's choice of forum in determining the propriety of a motion to transfer. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (a defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum). A plaintiff's choice of forum, however, is not dispositive, and must be balanced against the convenience to parties and witnesses and the interests of justice. Id.

b.   Convenience of the Parties

While BFC argues that it would be economically burdensome and inconvenient to litigate this matter in the Northern District as defendants reside in the Central District, it would be equally as burdensome and inconvenient for Kina to litigate this matter in the Central District as he resides in the Northern District. In determining the weight to be given to plaintiff's choice of venue, "consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts,

including those relating to his cause of action." Pac. Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). Kina currently resides in San Mateo, California, and requiring him to travel to the Central District will pose significant difficulties for him along with witnesses who currently reside in this district. In addition, while it is undisputed that BFC resides in the Central District, it is also undisputed that United has a substantial business presence in both northern and southern California, including the Northern District. Thus, transferring this action to the Central District will merely shift the inconvenience from BFC to Kina, which does not favor transfer. Decker Coal Co., 805 F.2d at 843; see also STX, Inc. v. Trik Stik, Inc., 708 F.Supp. 1551, 1556 (N.D. Cal. 1988) ("If the gain to convenience to one party is offset by the added inconvenience to the other, the courts have denied transfer of the action.") Moreover, to the extent BFC would be better able to bear the travel costs than Kina, this factor weighs against transfer. See Dwyer v. General Motors Corp., 853 F.Supp. 690, 693 (S.D.N.Y. 1994) (finding a court may also consider the relative means of the parties in deciding a transfer motion). Accordingly, the convenience of the parties does not weigh in favor of transfer.

        c.        Convenience of the Witnesses

The convenience of the witnesses is often the most important factor considered by the court when deciding a motion to transfer under § 1404(a). See e.g., Los Angeles Memorial Coliseum Commission v. National Football League, 89 F.R.D. 497, 501 (C.D. Cal. 1981). "It is the convenience of non-party witnesses, rather than that of employee witnesses, however, that is the more important factor and is accorded greater weight." See Gundle v. Fireman's Fund Insurance Co., 844 F.Supp. 1163, 1166 (S.D. Tex. 1994). In establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance. Carolina Cas. Co. v. Data Broad. Corp., 158 F.Supp.2d 1044, 1049 (N.D. Cal. 2001). "In assessing the effect of a transfer on the convenience of witnesses, courts consider the effect of a transfer on the availability of certain witnesses, and their live testimony, at trial." Id.

BFC maintains that most of the key witnesses reside in the Central District. The prospective witnesses specifically identified by BFC are the four examiners who conducted the testing on Kina. According to BFC, these witnesses, and other unidentified witnesses, will be significantly inconvenienced if this matter is litigated in the Northern District because it will disrupt patient treatment regimes. Kina counters by arguing that key witnesses reside in the Northern District, including himself and other employees of United. The court finds that BFC has failed to provide the necessary showing of inconvenience to demonstrate that this factor weighs in favor of transfer. BFC has not shown that witnesses located in the Central District would be unavailable if this matter is litigated in the Northern District. Nor has BFC shown that witnesses located in the Central District would be any more inconvenienced by having to travel to the Northern District than witnesses in the Northern District would be if they had to travel to the Central District. Moreover, since all of the witnesses identified by BFC are employees of BFC, their inconvenience is given less weight in the § 1404 context as they can be compelled to testify. See STX, 708 F.Supp. at 1556. Accordingly, the convenience of witnesses does not weigh in favor of transfer.

          d.      Interests of Justice

A district court hearing a motion to transfer must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and burdening citizens of an unrelated forum with jury duty. Decker Coal, 805 F.2d at 843. While neither party has made any arguments with respect to these factors, the court nonetheless has considered them and finds that they do not weigh in favor of transfer.

          e.      Remaining Factors

Finally, BFC argues that the presence of Kina's files and records related to the fitness-for-duty evaluation in the Central District justifies transfer. In the absence of any other ground to justify transfer, the location of Kina's records in the Central District falls short of the grounds necessary to supersede Kina's choice of forum. See STX, 708

F.Supp. at 1556. Moreover, it is undisputed that the ninety-two pages of reporting generated by BFC from the fitness-for-duty evaluation were sent to United in this district, and that other records relevant to this litigation (e.g., employment records) are located in this district.

For the foregoing reasons, BFC's motion to transfer is DENIED. This court finds that consideration of all the relevant factors militates against transfer. BFC failed to sustain its burden of showing that convenience and justice require transfer to the Central District.

C.     BFC's Motion to Dismiss For Failure to State A Claim

    1.     Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Illeto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). All allegations of material fact are taken as true. Erickson, 127 S.Ct. at 2200. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-65 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 1966-67.

11

### 2. Tenth Claim: ADA Violation

Kina's tenth claim for relief alleges that BFG violated his rights under § 12203(b) of the ADA by: (1) administering invasive and extensive medical, psychological, and psychiatric evaluations and testing without a job-related business necessity; and (2) disclosing comprehensive and detailed reports reviewing and expounding upon his medical, psychological, psychiatric, familial, sexual and social status. As a result, Kina maintains that he is entitled to the remedies and procedures provided by § 12117 of the ADA. BFC argues that dismissal of this claim is appropriate because BFC does not fall within the ambit of the ADA as an "employer" under Title 1 of the ADA.

The ADA prohibits discrimination in three areas: employment ("Title I"); public services ("Title II"); and public accommodations ("Title III"). See Van Hulle v. Pacific Telesis Corp., 124 F.Supp.2d 642, 644 (N.D. Cal. 2000). Title IV sets forth miscellaneous provisions, some of which apply to each of the proceeding subchapters. Id. The second anti-retaliation provision of the ADA appears in this "miscellaneous" subchapter and provides, in relevant part, as follows: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, . . . any right granted or protected by this chapter." 42 U.S.C. § 12203(b). Section 12203(c) outlines the remedies available to an aggrieved person complaining of retaliation by referring that individual to the remedial sections of the appropriate subchapter. See Stern v. California State Archives, 982 F.Supp. 690, 693 (E.D. Cal. 1997). An aggrieved party who complains that a "person" retaliated against him in the context of employment is referred to § 12117. Id. In order for a plaintiff to be afforded a remedy against a defendant under § 12117, the defendant must meet the definition of "employer" as defined under Title VII of the Civil Rights Act of 1964. Id. at 693-94 (concluding that because § 12117 incorporates the remedial provisions of Title VII and contains the same definition of "employer," "individuals who do not qualify as 'employers' under Title VII cannot be held liable for workplace retaliation in violation of the ADA."); Van Hulle, 124 F.Supp.2d 646. Title VII and the ADA define "employer" as "a

person engaged in an industry affecting commerce who has fifteen or more employees . . . ." Stern, 982 F.Supp. at 693 (quoting 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5)(A)).

Since Kina alleges that BFC interfered with is rights under the ADA with respect to employment (i.e., Title I claim), he cannot maintain an ADA claim against individual defendants who do not otherwise satisfy the definition of "employer." Therefore, because BFC was not Kina's "employer," he is not entitled to a remedy against BFC. See Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1113 (9th Cir. 2000) (holding that administrator of employee's disability policy did not make it an employer of plaintiff, and subject to suit under the ADA, simply because the administrator was an "employer" of its own employees). Accordingly, this claim is dismissed without leave to amend.

        3.        Eleventh Claim: Aiding and Abetting an Unfair Employment Practice In Violation of FEHA and California Public Policy

Kina's eleventh claim for relief alleges that BFC aided and abetted United in violating FEHA by discriminating against him and by imposing unnecessary medical inquiries in violation Cal. Gov't.Code § 12940(i) and California public policy. However, § 12940(i) does not permit liability against an entity which is not the "employer," Vernon v. State of California, 116 Cal.App.4th 114, 132 (2004), and because Kina cannot obtain relief against BFC under the FEHA, he cannot obtain relief against BFC for a violation of California public policy. See Reno v. Baird, 18 Cal.4th 640, 663-64 (1998). Accordingly, this claim is dismissed without leave to amend.

        4.        Twelfth Claim: Violation of Right to Privacy Under California Constitution Article 1, § 1

Kina's twelfth claim for relief alleges that BFC caused a serious invasion of his fundamental privacy interests in violation of Article 1, § 1 of the California Constitution by, among other things, disclosing, without his authorization or consent, detailed and sensitive confidential medical and personal information to United, including comprehensive and detailed reports reviewing and expounding upon his medical, psychological, psychiatric, familial, sexual and social status. BFC argues that dismissal of this claim is appropriate for

13

three reasons: (1) a legally protected property interest is not recognized under the facts alleged in the complaint as Kina agreed to undergo the fitness-for-duty evaluation, and this evaluation related to his ability to perform his duties as a storekeeper at United, or any other vacant position for which he was qualified; (2) no reasonable expectation of privacy existed because widely accepted community norms demonstrate that employees who are required to undergo a fitness-for-duty evaluation reasonably expect the examining physician to report his or her findings to their employer, and that the employer would use that information to make a determination to retain or terminate an employee; and (3) the complaint is devoid of factual allegations supporting a serious invasion of privacy interest as it alleges that BFC only disclosed the reports generated from the fitness-for-duty evaluation to United.

Article 1, Section 1 of the California Constitution states that "[a]ll people are by nature free and independent and have inalienable rights.  Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."  "[A] plaintiff alleging an invasion of privacy in violation of the state constitutional right to privacy must establish each of the following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." Hill v. National Collegiate Athletic Assn., 7 Cal.4th 1, 39-40 (1994); Leonel v. American Airlines, Inc., 400 F.3d 702, 712 (9th Cir. 2005).  The first element is a question of law, and the last two elements are mixed questions of law and fact. Hill, 7 Cal.4th at 40.  "If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law." Id.

"Legally recognized privacy interests are generally of two classes: (1) interests in precluding the dissemination or misuse of sensitive and confidential information ("informational privacy"); and (2) interests in making intimate personal decisions or

conducting personal activities without observation, intrusion, or interference ("autonomy privacy")." Id. at 35. California law recognizes a constitutional right to privacy in an individual's medical history. Pettus v. Cole, 49 Cal.App.4th 402, 440 (1996).

The privacy right at issue in this motion is "informational privacy"; namely, BFC's disclosure of detailed and sensitive confidential medical information to United. The court finds that the facts alleged in the FAC, liberally construed, are sufficient to state a cause of action for invasion of privacy under the California Constitution. In support of this claim, Kina alleges that BFC disclosed, without his authorization or consent, detailed and sensitive confidential medical and personal information to United that had no possible relationship to his ability to perform the essential functions of his job, or any other vacant position for which he was qualified. Kina further alleges that this information was then used as the basis to terminate his employment. Finally, Kina alleges that he had a reasonable expectation of privacy in this information, and that BFC's invasion of his privacy interest was serious and not justified by any compelling or legitimate interest. These allegations are sufficient to survive a motion to dismiss. To the extent BFC argues that dismissal is appropriate because Kina had no reasonable expectation of privacy and did not suffer a serious invasion of privacy, the court finds that BFC failed to demonstrate that the undisputed material facts show, as a matter of law, no reasonable expectation of privacy or an insubstantial impact on privacy interests. Accordingly, dismissal of this claim is not appropriate.

5. Thirteenth Claim: Violation of the CMIA

Kina's thirteenth claim for relief alleges that BFC violated the CMIA by disclosing, without first obtaining his authorization, detailed and sensitive confidential medical information beyond what was necessary to determine any functional limitations of the position of storekeeper, or any other vacant position for which he was qualified. BFC argues that dismissal of this claim is appropriate because the allegations supporting this claim are speculative and conclusory in that Kina failed to specifically identify the "detailed

and intimate information" BFC disclosed regarding his physical and mental condition exceeding a description of his functional limitations.

The basic scheme of the CMIA is that a provider of health care must not disclose medical information without a written authorization from the patient. Pettus, 49 Cal.App.4th at 425-26 (stating that "[u]nder normal circumstances, where there is no valid authorization there can be no disclosure."). The CMIA provides that "[n]o provider of health care, health care service plan, or contractor shall disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization, except as provided in subdivision (b) or (c)." Cal. Civ.Code § 56.10. Medical information is defined under the CMIA as "any individually identifiable information, in possession of or derived from a provider of health care . . . regarding a patient's medical history, mental or physical condition, or treatment." Cal. Civ.Code § 56.05(g) .

The court finds that Kina has plead sufficient facts to state a claim for prohibited disclosure of medical information under the CMIA. Contrary to BFC's assertion, the allegations in the complaint satisfy the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. The allegations give the defendant "fair notice of the claim and the grounds upon which it rests"; namely, that BFC violated the CMIA by disclosing, without first obtaining Kina's authorization, detailed and sensitive confidential personal and medical information to United following the fitness-for-duty evaluation. Accordingly, because Kina has alleged "enough facts to state a claim to relief that is plausible on its face," dismissal of this claim is not appropriate. Bell Atlantic, 127 S.Ct. at 1974.

6.     Fifteenth Claim: Violation of the UCL

Kina's fifteenth claim for relief alleges that BFC violated the UCL by: (1) aiding and abetting unlawful employment practices in violation of FEHA and California public policy; (2) invading Kina's rights in violation of the California Constitution; and (3) disclosing confidential medical information in violation of the CMIA and the federal Health Insurance

Portability and Accountability Act ("HIPAA"). Kina alleges that as a result of the unlawful and unfair business practices of BFC, he has suffered injury in fact and lost money and property. BFC argues that dismissal of this claim is appropriate because Kina's claims under FEHA and California public policy, the California Constitution, and the CMIA fail as a matter of law. However, because dismissal is not warranted with respect to some of these claims, and because BFC has not otherwise demonstrated that dismissal of this claim is warranted, the motion to dismiss with respect to this claim is denied.

## CONCLUSION

For the reasons stated above, the court hereby DENIES BFC's motion to dismiss or transfer pursuant to Rule 12(b)(3) and § 1406(a) for improper venue or, in the alternative, to transfer pursuant to § 1404(a), and GRANTS in part and DENIES in part BFC's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). The hearing is VACATED.

**IT IS SO ORDERED.**

Dated:

_____
PHYLLIS J. HAMILTON
United States District Judge